Harold J. Cahoone *vs.* Bureau of Fire of the
City of Warwick.

JULY 8, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J. This is a petition for mandamus which
was brought in the superior court against the bureau of
fire of the city of Warwick to command it to place the peti-
tioner on the pension list of the city's fire department. The
cause is here on his appeal from that court's judgment
denying the petition.

After a hearing on the merits the trial justice found that
petitioner had resigned from the fire department before
the pension fund was established. He based that finding
chiefly on petitioner's letter of October 29, 1957 and the
bureau's reply thereto of November 7, 1957. The petition-
er contends that his letter was not a resignation, and that
the bureau's reply thereto does not show it was considered
and acted upon as a resignation. The only question before
us is whether the trial justice erred in construing peti-

tioner's letter as a resignation and the bureau's reply as an acceptance thereof.

These letters read as follows:

"Warwick, R. I., October 29, 1957
"From Private Harold J. Cahoone
To: The Chief of Department, Thomas E. Duckworth
Subject: Request for inactive status.

"Sir:

"Due to poor health I must, at this time, discontinue my duty at Fire Alarm.

"I feel the all night shifts affect my nerves and health, I have explained this condition to Chief Duckworth at a previous meeting.

"Knowing at the age of 48 it will be hard to find a position I request the following.

"I ask, in the near future, should you consider adding to the department a stock clerk or any other position that would not be quite so strenuous that I be considered for the job.

"I also request any part time job at Fire Alarm should the need arise. If there should be a fire watch duty within the City I feel I would be capable of handling such a detail and wish to be placed on the list to cover same.

"I wish to state that as of this date, October 29th, 1957, I wish to be placed on inactive duty. My position could then be filled by a permanent man.

"If my request is granted, and my condition improves, I am willing to wait for a vacancy to exist in the department before making application for reinstatement. I am willing to pass a complete physical examination as might be required by the Bureau of Fire.

"In closing I do hope that being on inactive duty my privilege of continuing payments into Blue Cross will still be allowed me.

Respectfully submitted,
[Signed]  Harold J. Cahoone
Harold J. Cahoone, Private
Warwick Fire Department

[Signed]  Thomas E. Duckworth
[Signed]  Harold A. Smith
"Witnessed this day, October 29th, 1957."

"November 7, 1957

"Private Harold J. Cahoone
84 Watson Street
Warwick, Rhode Island

"Dear Private Cahoone:

"Your request of October 29, 1957 to be placed on inactive status has been accepted by the Bureau of Fire this date.

"You are, therefore, hereby notified that you are now on inactive status.

"In the event a stock clerk or any other position less strenuous than you performed as a permanent active member of this department is created, the Bureau of Fire will consider you for said position. In the event that a part time job at Fire Alarm should be created you will be considered for said position.

"In the event that a fire watch duty should be created, within the City of Warwick, you will be considered for such a position.

"In the event a vacancy exists in the department, you will be permitted to make an application for reinstatement or appointment to said vacancy; provided, however, that prior to being appointed to fill any such vacancy you will be required to subject yourself to a complete physical examination as may be required by the Bureau of Fire. In the event the examining physician deems you capable of performing the duties required you will be considered for the filling of said vacancy.

"Your privilege of remaining on Blue Cross in a group plan will continue.

"From:

Headquarters
[Signed] William F. Nicholson
William F. Nicholson, Clerk
Bureau Of Fire"

On November 7, 1957 there was no pension fund in existence and no controversy arose between the parties until it was established by ordinance on October 16, 1958. Thereafter on December 17, 1958 petitioner applied to be placed on the pension list. On February 7, 1959 the bureau denied his request on the ground that he was not a perma-

nent member of the fire department when the pension fund was established. Before bringing the instant petition he again formally applied in writing and his request was again denied for the same reason. Apparently the bureau assumed that on and after November 7, 1957 petitioner had resigned from the fire department because he was no longer able to perform the duties of his position therein.

In our opinion there is no necessity to consider any evidence outside the contents of the letters themselves. Inasmuch as the ordinance establishing the permanent fire department does not provide for "inactive status" within the department, it is reasonable to conclude that the bureau properly treated petitioner's letter as a resignation, since it was unmistakably clear from its contents that the petitioner considered himself unable to perform the duties of his position and intended to discontinue his services and thus create a vacancy.

It is apparent from the trial justice's rescript that he considered this construction a reasonable one and found nothing in the evidence before him to cast doubt upon it. After reading the transcript we are of the opinion that he did not err in finding that the petitioner was not a member of the fire department when the pension plan was established and therefore was not entitled to be placed on the pension list.

The petitioner's appeal is denied, the judgment appealed from is affirmed, and the cause is remanded to the superior court.

*A. Norman LaSalle, John L. McElroy,* for petitioner.

*Ralph T. Lewis, Jr.,* City Solicitor, *Donald P. Ryan,* Ass't City Solicitor, for respondent.